831 So.2d 681 (2002)
SOUTHERN GROUP INDEMNITY, INC., Appellant,
v.
Robert CULLEN, Joann Cullen, Cheryl Cullen, Carl Picerno, Brenda Picerno, Gibraltar Budget Plan, Inc, and Northlake Auto Insurance Agency, Appellees.
Nos. 4D01-1833, 4D01-2493, 4D01-3841, 4D01-4839, 4D01-4840.
District Court of Appeal of Florida, Fourth District.
October 9, 2002.
Doreen E. Lasch of the Law Offices of Roland Gomez, Miami Lakes, and David B. Pakula of David B. Pakula, Ft. Lauderdale, for appellant.
John T. Mulhall, III and George M. Bakalar of Rutherford, Mulhall & Wargo, P.A., Boca Raton, for appellees Carl Picerno and Brenda Picerno.
Lloyd J. Heilbrunn of the Law Office of Lloyd J. Heilbrunn, Palm Beach Gardens, for appellees Robert Cullen, Joann Cullen and Cheryl Cullen.
Keith J. Lambdin of Lambdin & Rosser, P.A., Plantation, for appellee Northlake Auto Insurance Agency.

*682 ON MOTION FOR REHEARING

KLEIN, J.
We withdraw our previously filed opinion dated July 17, 2002 and replace it with the following.
This appeal presents the issue of when the notice of cancellation of automobile insurance given by a premium finance company can become effective. We conclude that, because of an insurance policy provision, this policy could not be cancelled prior to the insurer receiving the notice of cancellation. There was, accordingly, coverage for an accident.
The insurer was Southern Group Indemnity, and the premiums were financed by Gibraltar Budget Plan, Inc. About two months before the accident the policy was renewed and the insured agreed to make nine monthly payments starting on December 5, 1994. Gibraltar paid the premium six months in advance. As part of the financing agreement the insured gave Gibraltar a power of attorney to cancel the policy for non-payment.
When the insured failed to make the first payment due December 5, 1994, Gibraltar sent the insured a notice of intent to cancel the policy in ten days. On December 22, no payment having been made, Gibraltar sent a notice of cancellation to the insured stating that the policy would be canceled on January 5, 1995. These were not sent to the insurer.
On January 5, 1995, Gibraltar sent the insurer a request for policy cancellation as of January 5. That notice was received by the insurer on January 9, but the accident occurred on January 6. The trial court held the insurance was still in effect on January 6.
Cancellation of a policy by a premium finance company is addressed by section 627.848, Florida Statutes (1995). The statute provides that the insured must be given ten days notice after which the premium finance company shall mail a request for cancellation to the insurer. The statute further provides that "upon receipt of a copy of the cancellation notice by the insurer or insurers, the insurance contract shall be canceled with the same force and effect as if the notice of cancellation had been submitted by the insured himself." § 627.848(1)(c).
The insurance policy contained the following provision for cancellation by the insured:
5. After this policy has been in effect for two months:
a) The named insured shown in the Declarations may cancel by:
(1) returning the policy to us; or
(2) giving us advance written notice of the date cancellation is to take effect.
Policy cancellation requirements are incorporated in section 627.848(1)(d), which provides:
All statutory, regulatory, and contractual restrictions providing that the insured may not cancel her or his insurance contract unless she or he or the insurer first satisfies such restrictions by giving a prescribed notice to a governmental agency, the insurance carrier, a mortgagee, an individual, or a person designated to receive such notice for such governmental agency, insurance carrier, or individual shall apply when cancellation is effected under the provisions of this section.
Accordingly, under the statute the advance notice cancellation requirement contained in the policy applies to the premium finance company. The company could not, therefore, make cancellation effective prior to the insurer receiving notice of the cancellation.
*683 The insurer's argument is that, because the insured had already been notified that the policy would be canceled on January 5, the premium finance company, Gibraltar, could make cancellation of the policy effective on January 5, even though the insurer did not receive notice of cancellation until January 9. That argument cannot be reconciled with the advance notice requirement of the policy which is applicable by statute to the premium finance company. Nor do we see any reason why the insurer should feel aggrieved by having to provide coverage, since the premium, which had been advanced by the finance company, was current.
Affirmed.
POLEN, C.J., and TAYLOR, J., concur.